IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOPHIA EDDORRA SIMPSON | ) | CASE NO. 19-70206-SCS |
| | ) | Chapter 7 |
| | ) | |
| SOPHIA EDDORRA SIMPSON | ) | CASE NO. 19-07001-SCS |
| | ) | |
| Debtor | ) | Adversary Proceeding |
| | ) | |
| v. | ) | |
| | ) | |
| United States Department Education, | ) | |
| Navient, and Missouri Higher | ) | |
| Education Loan Authority | ) | |
| (MOHELA) | ) | |
| | ) | |
| Defendants | ) | |

## MOTION TO INTERVENE
## BY EDUCATIONAL CREDIT MANAGEMENT CORPORATION

Educational Credit Management Corporation ("ECMC"), holder of all rights, title and interest in certain federal educational loans at issue, for which Plaintiff seeks a discharge, hereby submits the following Motion to Intervene, and in support thereof avers as follows:

---

John B. Connor, VSB 16801
John B. Connor, P.L.C.
100 North Pitt Street, Suite 200
Alexandria, VA 22314
Telephone: (703) 836-9770
Facsimile: (703) 836-1799
E-Mail: jack@johnbconnor.com
Counsel for Educational Credit
Management Corporation

**Facts and Relevant Procedural History**

1. ECMC is a guarantor in the Federal Family Education Loan Program ("FFELP") and Also provides specialized guarantor services to the Department of Education ("DOE") and other FFELP guaranty agencies, including accepting transfer of title to certain student loan accounts on which the student loan borrower has filed a bankruptcy proceeding. ECMC is a not for profit corporation duly organized under the laws of the State of Minnesota. The statutes and regulations governing the FFELP are found at 20 U.S.C. §1071, et seq. and 34 C.F.R. § 682.100, et seq.

2. On or about January 17, 2019, Plaintiff filed a voluntary petition under Chapter 7, docketed as 19-70206-SCS. On or about January 23, 2019, Plaintiff filed the instant adversary proceeding.

3. At the time the instant bankruptcy case was filed, Plaintiff was indebted for three federal Stafford student loans created pursuant to the FFELP (collectively the "Loans") National Student Loan Program ("NSLP") was the original guarantor for two of the Stafford Loans and Great Lakes Higher Education Corp. ("GLHEC") was the original guarantor for one of the Stafford loans.[1] The lender of the NSLP guaranteed Stafford Loans is Deutsche Bank ELT SLM Trusts. The lender of the Ascendium f/k/a GLHEC guaranteed loans is the Missouri Higher Education Loan Authority.

4. Federal regulations prohibit lenders from holding interests in federal student loans that are subject to a bankruptcy adversary proceeding. Thus, the lenders of the Loans filed bankruptcy hardship claims with their respective guarantors under the Loans' guaranty and pursuant to 34 C.F.R. § 682.402(f).

5. By agreement, Ascendium f/k/a/ GLHEC and NSLP assign to ECMC its accounts for

---

[1] On or around November 15, 2018, GLHEC renamed its organization to Ascendium Education Group ("Ascendium").

borrowers that have filed certain bankruptcy proceedings. Thus, Ascendium f/k/a/ GLHEC and NSLP transferred all right, title and interest in their respective Loans to ECMC in February 2019 and ECMC accepted the assignment.

6. ECMC is now the holder of all right, title and interest in the Loan. See 34 C.F.R. § 682.102(g).

7. Because the Loans have been assigned to ECMC, ECMC is a proper party Defendant to this action.

### Motion to Intervene of Right Pursuant to Rule 7024(a) of the Federal Rules of Bankruptcy Procedure

8. Federal Rule of Civil Procedure 24, as made applicable in adversary proceedings by Fed. R. Bankr. P. 7024, provides two avenues for an application to intervene upon a timely filed motion.

9. A Court may grant intervention as of right where (i) the intervenor makes a timely motion; (ii) the intervenor possesses some interest related to the subject matter of the action; (iii) disposition of the action threatens to impair that interest; and (iv) the existing parties do not adequately represent the intervenor's interests. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 365-66 (3d Cir. 1995).[2]

10. Timeliness of a motion to intervene is determined from al circumstances, and Courts are guided by the following factors: (i) the state of the proceedings; (ii) prejudice to the original parties caused by the delay; and (iii) the reason for the delay. *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig.,* 418 F.3d 277, 314 (3d Cir. 2005).

---

[2] Permissive intervention is allowed where the applicant's claim or defense shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b).

11. ECMC's request to intervene is timely for the following reasons:

   a. **First,** ECMC acquired its interest in the Loan subsequent to the Debtor's/Plaintiff's filing the Chapter 7 Petition and this adversary proceeding;

   b. **Second**, the existing parties would not be prejudiced by ECMC's intervention because ECMC is the only proper party who has an interest in the Loan; and

   c. **Third,** existing parties would be prejudiced should ECMC's request be denied because Plaintiff's obligations on her student loans cannot be fully discharged without a judgment against ECMC as guarantor[3]

12. Next, ECMC has an interest in this action by virtue of the assignment and its role as A specialized guarantor. ECMC is so particularly situated that the disposition of this adversary proceeding in ECMC's absence would impair or impede ECMC's ability to protect its interest in the assignment and guaranty of the Loans. If Plaintiff pursued and succeeds on her Section 523(a)(8) claim without ECMC as a party, then this Court's judgment would be ineffective against ECMC, who is a necessary party to such claims. *See In re Alfes,* 709 F.3d 631 (6th Cir. 2013) (student loan guarantor's claim survived the discharge of lender's claim); *In re Matthews,* 516 Fed. Appx. 556 (6th Cir. 2013) (assignee of guarantor of debtor's student loan debt could intervene in undue hardship proceeding); *In re Wedell,* 329 B.R. 59, 62 (W.D. Wash. 2005) (district court vacated part of bankruptcy court's order denying ECMC's motion to set aside default as to ECMC in its capacity as guarantor).

WHEREFORE, ECME respectfully requests that this Court enter an Order (1) permitting ECMC to intervene; and (2) amending the caption to so reflect.

---

[3] *See In re Wedell,* 329 B.R. 59, 62 (W.D. Wash. 2005) ("[A] maker's obligation to the noteholder and the obligation to the guarantor upon payment of the [guaranty] are two separate and distinct obligations"); *see also Garmhausen v. Sallie Mae Service Corp.,* 262 B.R. 217, 222 (Bankr. E.D.N.Y. 2001).

                                              EDUCATIONAL CREDIT
                                              MANAGEMENT CORPORATION
                                              By Counsel

Dated:  March 4, 2019


/s/ John B. Connor
John B. Connor, (VSB #16801)
JOHN B. CONNOR, PLC
100 North Pitt Street, Suite 200
Alexandria, VA 22314
Telephone: (703) 836-9770
Facsimile: (703) 836-1799
E-Mail: jack@johnbconnor.com
Counsel for Educational Credit
Management Corporation

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing Motion to Intervene by Educational Credit Management Corporation sent postage prepaid first-class mail this 4th day of March 2019 to:

United States Department of Education
c/o Secretary of Education
400 Maryland Avenue, SW
Washington, DC 20202

United States Department of Justice
c/o Attorney General
950 Pennsylvania Ave. NW
Washington, DC 20530

Attorney General of the United States
Main Justice Building
10th & Constitution Ave., N.W.
Washington, DC 20530

United States Attorney
 for the Eastern District of Virginia
101 W. Main Street, #8000
Norfolk, VA 23510

Missouri Higher Education Loan Authority (MDHELA)
633 Spirit Drive
Chesterfield, MO 63005

Navient
123 S. Justison Street
Wilmington, DE 19801
US Dept of Education/Giesi
PO Box 7860
Madison, WI 53707

Sophia Eddora Simpson
1732 Glenmont Lane
Virginia Beach, VA 23464

Steven L. Brown
Tiffany & Tiffany PLLC
770 Independence Circle, #200
Virginia Beach, VA 23455

      /s/ John B. Connor
      John B. Connor